IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

        Plaintiff,

v.

CODY SAYLOR, MATHEW SCULLION,
REBECCA ENGLEBURGER, TRENT LANDT,
SONYA ANDERSON, NATHEL BETHEL,
REBECCA FELDMAN, RN LEE,
RN EGDE, BECKY KRAMER,
JOSEPH CICHANOWICZ, SGT. WALLACE,
JOLINDA WATERMAN, SANDRA MCARDLE,
RN WOOD, J. LABELLE, JASON GODFREY,
GABRIEL JOHNSTON, and MAC MINK,

        Defendants.

ORDER

17-cv-458-jdp

---

    Pro se plaintiff Tyrone Ards is a Wisconsin prisoner incarcerated at the Wisconsin Secure Program Facility (WSPF). Ards has a history of suicide attempts, and his proposed complaint alleges that the 19 defendants, all officials at WSPF, are deliberately indifferent to his ongoing risk of suicide. Dkt. 1. I will fully screen his proposed complaint in due course.

    The immediate issue is Ards's request for a preliminary injunction. Dkt. 7. The request is not in the proper form, but the gist of it is clear enough. Ards contends that he has overdosed on Tylenol pills and that he will attempt to do so again. This allegation is similar to one Ards made in Case No. 16-cv-341. In that case, I was informed through a declaration from Maria Lemieux that Ards is subject to a "Keep On Person" drug restriction, which means that his medications are administered a dose at a time so that he does not have access to a large quantity of pills. *Ards v. Anderson*, No. 16-cv-341, Dkt. 28, ¶ 11 (W.D. Wis. Nov. 29, 2016). I can gleen

from Ards's filings in this case that, despite the KOP restriction, he is hoarding pills, and that he believes that WSPF staff should watch him ingest his medication to prevent future suicide attempts.

I anticipate that I will allow Ards to proceed on at least one claim in this case. Ards alleges in his complaint that he showed defendant Cody Saylor pills he had stored, but Saylor did nothing while Ards swallowed 70 acetaminophen pills. Dkt. 1, ¶¶ 19-21. I will assume at this point that Ards states a claim against Saylor, and I will direct service of Ards's complaint as to Saylor alone. I will stay the answer deadline until the complaint is fully screened.

But I will direct Saylor to respond promptly to Ards's request for a preliminary injunction. Saylor's response need not include formal proposed findings of fact, but it should include an affidavit or declaration explaining how WSPF is managing Ards's medication, particularly whether WSPF is taking any steps to prevent Ards from hoarding. I am, in essence, asking WSPF to update the Lemieux declaration to show that Ards is not in imminent danger. After I receive Saylor's response, I will decide whether a telephonic hearing is necessary.

ORDER

IT IS ORDERED that:

1. Defendant Cody Saylor must respond to plaintiff Tyrone Ards's motion for a preliminary injunction, Dkt. 7, by August 14, 2017.

2. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint, motion for preliminary injunction, and this order are being sent today to the Attorney General for service on defendant Saylor. Plaintiff should not attempt to serve any defendant on his own at this time.

Entered August 8, 2017.

                    BY THE COURT:

                    /s/
                    _____
                    JAMES D. PETERSON
                    District Judge