IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE D. ARDS,

               Plaintiff,

  v.

CODY SAYLOR, MATHEW SCULLION,
REBECCA ENGLEBURGER, TRENT LANDT,
SONYA ANDERSON, NATHEL BETHEL,            OPINION & ORDER
REBECCA FELDMAN, RN LEE,
RN EGDE, BECKY KRAMER,                         17-cv-458-jdp
JOSEPH CICHANOWICZ, SGT. WALLACE,
JOLINDA WATERMAN, SANDRA MCARDLE,
RN WOOD, J. LABELLE, JASON GODFREY,
GABRIEL JOHNSTON, and MAC MINK,

               Defendants.

---

      Pro se plaintiff Tyrone D. Ards filed a motion asking the court to issue a subpoena. Dkt. 23. He wants two witnesses to attend the upcoming telephonic hearing on his motion for a preliminary injunction. Those witnesses are Elizabeth Kaeder, a correctional officer who witnessed his recent self-harm attempt, and Julie Payne, who has rejected Ards's institutional complaint.

      Under Rule 45(b)(1), a person who is seeking a subpoena must tender the witness fees and the mileage reimbursement. *See also* 28 U.S.C. § 1821(b),(c). The court cannot waive these fees for a pro se litigant. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987). In addition, this court requires a party to submit an affidavit indicating: (1) the witness refuses to testify voluntarily; (2) the party arranged to have a person at least 18 years of age to serve subpoena or the party needs

assistance from the United States Marshal because the party could not arrange service; and (3) the party is prepared to tender the required witness fees. *Ards v. Anderson*, No. 16-cv-341, Dkt. 20, at 43 (W.D. Wis. Oct. 18, 2016).

Ards has not indicated that he is ready to tender the required witness fees, so I will deny Ards's motion for issuance of subpoena. I understand that he wishes Kaeder to testify about Ards's recent self-harm attempt on August 14, 2017. But Ards can present his own testimony about what happened. In particular, he should be prepared to testify whether he really saved 22 oz of liquid ibuprofen, whether the liquid he ingested was indeed liquid ibuprofen, how he hoarded his medicine, and whether he suffered any injury from the August 14 incident. Ards should also be prepared to testify about other matters, such as how his medicine is being delivered and his attempts to obtain mental health care at WSPF. Because the time is short, I will direct defendants' counsel to send Ards a copy of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Tyrone D. Ards's motion for issuance of subpoena, Dkt. 23, is DENIED.

2. Defendants' counsel are directed to send a copy of this order to plaintiff by September 21, 2017.

Entered September 20, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge